NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARLON OMAR VARGAS CHACON,

Petitioner,

v.

ERIK ROKOSKY, *et al.*,

Respondents.

Civil Action No. 26-cv-00119

OPINION

Petitioner Marlon Omar Vargas Chacon ("Petitioner"), a native and citizen of Ecuador, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his immigration detention. (ECF No. 1.) For the reasons set forth below, the Court concludes that Petitioner is detained pursuant to 8 U.S.C. § 1231(a) following reinstatement of a prior final order of removal. Because his current detention falls within the statutorily mandated removal period and does not otherwise violate the Constitution, the Petition is denied.

I.     BACKGROUND AND PROCEDURAL HISTORY

Petitioner initially entered the United States in or about August 2020 and was placed in expedited removal proceedings. (ECF No. 1 ¶¶ 1–2; ECF No. 5-1.) On September 16, 2020, an Immigration Judge issued a final order of removal. (ECF No. 1 ¶ 3; ECF No. 5-7.) Petitioner was subsequently removed to Ecuador in October 2020. (ECF No. 5 at 2.)

In September 2021, Petitioner unlawfully reentered the United States without inspection. (ECF No. 1 ¶ 5; ECF No. 5 at 2.) He remained in the United States until January 5, 2026, when officers of U.S. Immigration and Customs Enforcement ("ICE") arrested him during an

enforcement operation in New Jersey. (ECF No. 1 ¶ 9; ECF No. 5 at 2.) That same day, ICE reinstated Petitioner's prior removal order pursuant to 8 U.S.C. § 1231(a)(5). (ECF No. 5-9.)

Petitioner filed the instant habeas petition on January 7, 2026, asserting that his detention is unlawful and seeking immediate release. (ECF No. 1.) Respondents filed an expedited answer on January 18, 2026, arguing that Petitioner is lawfully detained under § 1231(a) and is not entitled to a bond hearing or release. (ECF No. 5.)

## II.   LEGAL STANDARD

Federal courts have jurisdiction under 28 U.S.C. § 2241 to review the legality of immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (holding that § 2241 confers jurisdiction to review post-removal-order detention).

The statutory basis for detention depends on the noncitizen's procedural posture. Pre-removal-order detention is governed by 8 U.S.C. § 1226, whereas post-removal-order detention is governed by 8 U.S.C. § 1231. The Supreme Court has clarified that individuals subject to reinstated orders of removal are detained under § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523 (2021) (holding that noncitizens subject to reinstated removal orders are governed by § 1231, not § 1226, because they are in a post-final-order posture).

## III.   DISCUSSION

### a.   Petitioner Is Subject to Detention Under 8 U.S.C. § 1231(a)

The record establishes that Petitioner is subject to a reinstated final order of removal. Petitioner does not dispute that (1) he was ordered removed by an Immigration Judge on September 16, 2020 (ECF No. 1 ¶ 3); (2) he was removed from the United States thereafter (ECF No. 5 at 2); and (3) he unlawfully reentered the United States in September 2021 (ECF No. 1 ¶ 5).

Based on these facts, ICE reinstated Petitioner's prior removal order on January 5, 2026. (ECF No. 5-9). Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order."

The Supreme Court has made clear that detention in this posture is governed by § 1231. *See Johnson v. Guzman Chavez,* 594 U.S. 523, 529–30 (2021) (explaining that once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a), not § 1226(a).

Petitioner's argument that his detention is unlawful because ICE had not reinstated his removal order at the precise moment of arrest is unavailing. Reinstatement is an administrative process that confirms the existence of a prior removal order and unlawful reentry. *See Ponta-Garcia v. Atty. Gen. of U.S.,* 557 F.3d 158 (3d Cir. 2009) (holding that reinstatement requires only a determination of prior removal, identity, and unlawful reentry, and does not require a hearing before an immigration judge). Once those conditions are satisfied, § 1231 governs.

### b.  Petitioner's Detention Is Lawful Under § 1231(a)

Under § 1231(a)(1), the Government has a 90-day "removal period" during which it must effectuate removal. During this period, detention is mandatory. *See* 8 U.S.C. § 1231(a)(2).

Petitioner was arrested and placed into post-final-order detention on January 5, 2026. (ECF No. 5 at 2.) At the time of Respondents' submission—and even now—Petitioner's detention falls well within the 90-day removal period.

As a result, Petitioner's detention is statutorily required; and he is not entitled to a bond hearing during this period. *See Johnson v. Guzman Chavez,* 594 U.S. 523, 549–50 (2021)

(contrasting § 1226's discretionary detention scheme with § 1231's mandatory removal-period detention).

### c.   Petitioner Has Not Established a Constitutional Violation

To the extent Petitioner asserts that his detention violates due process, that claim is premature.

In *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable.  533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention).

Petitioner's detention—measured from January 5, 2026—falls far short of six months, rendering his claim premature.

Nor does Petitioner's assertion that he was arrested without adequate process alter this conclusion.  The Third Circuit has upheld the constitutionality of the reinstatement procedure, recognizing that individuals subject to reinstatement have already received the process associated with their underlying removal proceedings.  *See Ponta-Garcia v. Atty. Gen. of U.S.*, 557 F.3d 158, 162 (3d Cir. 2009) (holding that reinstatement procedures comport with due process because the noncitizen was previously afforded full removal proceedings).

### IV.   <u>CONCLUSION</u>

Because Petitioner is subject to a reinstated final order of removal, his detention is governed by 8 U.S.C. § 1231(a).  His current detention falls within the mandatory 90-day removal period and does not violate the Constitution.

Accordingly, the Petition for a Writ of Habeas Corpus is denied. An appropriate Order follows.

Hon. Karen M. Williams,
United States District Judge